UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Margie Palmer,<br>Plaintiff,<br><br>          v.<br><br>Gregory M. Parker, Inc. d/b/a Parker's<br>Kitchen,<br>Defendant. | CASE NO.: _____<br><br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

## JURISDICTION AND PARTIES

1.   This suit is brought and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 ("ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 ("Title VII").

2.   All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a.   A charge of employment discrimination on basis of disability discrimination and retaliation was filed with Equal Employment Opportunity Commission ("EEOC").

   b.   All Notifications of the Right to Sue were received from the EEOC on or about January 21, 2026.

   c.   This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3.   The Plaintiff, Margie Palmer, is a citizen and resident of the State of South Carolina and resides in Charleston County, South Carolina.

4.   Defendant, Gregory M. Parker, Inc. d/b/a Parker's Kitchen, upon information and belief, is a foreign corporation organized in the State of Georgia and operating under the laws of the State of South Carolina.

5.   All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6.   The Defendant is a "person" within the meaning of Title VII and the ADA.

7.   The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8.   The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9.   Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about August 29, 2024, the Plaintiff began working for Defendant as a CSR.

11. The Plaintiff had previously been diagnosed with IBS, Gerd, COPD and Asthma. Because of these conditions, the Plaintiff is a person with a serious medical condition as defined by the ADA.

12.   During the course of her employment, Plaintiff's treating physician advised her to work second or third shift instead of first shift, due to her flare-ups occurring more frequently in the morning.

13. On or about November 20, 2024, the Plaintiff presented her doctor's note to Kelly Naughton, Store Leader, and requested to work a later shift as the doctor had advised.  Despite Plaintiff suppling Ms. Naughton with this note, the Defendant required the Plaintiff to come to work at 6:00 a.m.

14. The Plaintiff again advised she would need the requested accommodation, and then in retaliation for requesting work accommodation, the Plaintiff was terminated on or about November 20, 2024.

15. Any stated reasons for Plaintiff's termination were pretextual in nature.  Her termination, in reality, was discriminatory on the basis of her disability and in retaliation for requesting reasonable accommodation.

16.  At all times relevant to this Complaint, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA – Failure to accommodate

17. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

18. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2).  More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

19. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8).  More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendant's employ.

20. As a result of her disability, the Plaintiff requested reasonable accommodation for working a later shift instead of first shift, since her flare-ups occurred mostly in the morning.

21. The Defendant declined, without just cause, to provide the accommodation to the Plaintiff.

22. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodation.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Retaliation

23. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

24. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

25. Plaintiff's requested accommodation was made in good faith and constituted protected activity under the ADA.

26. Shortly after requesting said accommodation, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

27. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

28. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

29. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## REQUEST FOR RELIEF

30. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

31. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1.   Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2.   Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3.   Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

4.   Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5.   Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6.   Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Matthew O. King*
Matthew O. King (Fed. I.D. #6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
April 17, 2026.